367 F.2d 333
 125 U.S.App.D.C. 107
 INTERNATIONAL UNION OF ELECTRICAL, RADIO AND MACHINE
WORKERS, AFL-CIO, Petitioner
v.
NATIONAL LABOR RELATIONS BOARD, Respondent, General Electric
Company Automatic Blanket Plant, Intervenor.
 Nos. 19855, 19856.
 United States Court of Appeals District of Columbia Circuit.
 Argued June 9, 1966.
Decided Sept. 30, 1966.
 
 Miss Marilyn G. Rose, Washington, D.C., with whom Miss Ruth Weyand, Washington, D.C., was on the brief, for petitioner.
 Mr. George B. Driesen, Atty., N.L.R.B., with whom Messrs. Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, and Wayne S. Bishop, Atty., N.L.R.B., were on the brief, for respondent.
 Mr. William W. Sturges, Charlotte, N.C., was on the brief for intervenor.
 Before BURGER, WRIGHT and TAMM, Circuit Judges.
 PER CURIAM:
 
 
 1
 These consolidated cases are before the court upon petition of the union to review certain portions of the orders issued by the National Labor Relations Board dismissing in part complaints issued against the General Electric Company. Petitioner raises various points, only one of which mertis mention.
 
 
 2
 The Board, in No. 19,856, barred reopening of the question whether the June 1963 reprimand to employee Bailey was attributable to the employer's anti-union bias, that question having been settled adversely to the union in the earlier proceeding (No. 19,855). In so doing the Board stated: 'We are, we believe, precluded' from re-evaluating the reprimand. If by this language the Board meant that it was required in the circumstances of this case to apply the doctrine of collateral estoppel, it was wrong.
 
 
 3
 We are constrained to believe, however, that the Board here, in applying collateral estoppel, exercised its discretion in the circumstances of this case. On prior occasions, for example Monroe Feed Store, 112 N.L.R.B. 1336, 1338 (1955), the Board has clearly indicated its understanding that resort to collateral estoppel is governed by sound discretion. Since there was a basis in the record for the Board, exercising its sound discretion, to refuse to re-evaluate the reprimand, we affirm its action.
 
 
 4
 Affirmed.